WM. M. PRICE *et al.*, Respondents, v. C. H. VANSTONE, Appellant.

**Kansas City Court of Appeals, March 31, 1890.**

1. **Appellate Practice:** INSTRUCTIONS: MOTION FOR NEW TRIAL. Objections to instructions will not be considered when the trial court's attention has not been called to them in the motion for a new trial.

2. **Evidence:** CARLOAD: CUSTOMARY. In an action for damages for breach of contract to deliver so many carloads of wheat it is not error to admit evidence of what is customary to consider a carload of wheat.

3. ———: CONTRACT PRICE AND PRICE AT DELIVERY. In such action it is proper to admit evidence of the difference between the contract price and the price of wheat on the day and at the place it was agreed to be delivered.

4. **Contract:** BREACH: INSUFFICIENT REASON. Defendant agreed to deliver to plaintiffs during August ten carloads of wheat. He delivered three carloads and drew his draft on plaintiffs for more than the three carloads came to. Plaintiffs paid what the three carloads amounted to and not the excess. Defendant notified plaintiffs the contract was at an end, as he would not ship wheat to any house that would not pay his drafts, whether they were for too much or not too much. *Held* the reason was insufficient, and it was not necessary thereafter for plaintiffs to tender the contract for the remainder of the wheat.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Boyd & Sebree*, for the appellant.

(1) The construction placed upon the written contract by the acts and conduct of the parties is that the defendant was to ship the wheat in such quantities

as suited him by the carload; and that the plaintiffs were to pay cash for it as it was received. Defendant, when he shipped the three cars, drew on plaintiffs for the value of the three cars. Plaintiffs received the three cars after they knew that defendant expected cash when they were received. Plaintiffs' letters and petition in this case also show that plaintiffs so construed it, and such a construction not being repugnant to the writing should be recognized and enforced by the court. *Golden v. Wolf*, 6 Mo. App. 490; *Dobbins v. Edmonds*, 18 Mo. App. 307. (2) Under this contract the delivery of this wheat, and the payment of the purchase price, were to be concurrent acts, and, while the plaintiffs could have refused to accept any part until the ten cars were all offered, yet his acceptance of a part required a payment to the extent of the value of that part. And the plaintiffs, having received the three cars and failed to pay at time they were received, cannot recover in this case. Bish. on Cont. [Enlarged Ed.] sec. 1433; Benjamin on Sales [3 Ed.] sec. 592; *Bersch v. Sanders*, 37 Mo. 105. (3) The contract does not require a delivery in August. It provides that the wheat was to be shipped in August from Marshall, and was to be inspected or graded in St. Louis, and weighed in St. Louis. The measure of damages, therefore, was not the difference between price named in the contract and value on August 1. Under the contract it could not be delivered on track at Marshall, and that clause of the contract which fixes price, seventy-four and one-half cents, on track at Marshall, means that the price should be seventy-four and one-half cents and freight charges to St. Louis. (4) While plaintiffs were not bound to pay defendant's draft if for more than the value of the wheat, he was bound to pay the value of the wheat or tender it, and this he did not do. The instructions given for plaintiffs do not state the law of this case, and are not supported by the evidence.

Price v. Vanstone.

*Leslie Orear*, for the respondents.

(1) No review can be had in this court as to declarations of law given by the court below, as the action of the trial court in that particular was not assigned for error in the motions for a new trial. *Gaines v. Fender*, 82 Mo. 497; *Griffin v. Reagan*, 79 Mo. 73; *Schlicker v. Gordon*, 19 Mo. App. 479; *Ins. Co. v. Schultz*, 30 Mo. App. 91. (2) The construction of the contract sued on is for the court, and it must be construed as having the legal effect given it by the parties, which must be gathered from the instrument itself in the absence of ambiguous terms. 2 Parson's Contracts [6 Ed.] pp. 491, 494, 499, 500; *Brewing Co. v. Water Co.*, 34 Mo. App. 49. (3) Appellant does not complain that the respondents did not pay for the wheat actually shipped under the contract at the time it was delivered, received and accepted by the respondents, but, on the contrary, refuses to perform his contract, because respondents refused to pay his draft, even though the wheat actually shipped did not cover the draft. (4) The vendor having put it out of his power to perform his contract by loading and shipping the wheat to other parties, and informing plaintiffs that he did not intend to ship them the wheat, and that they might consider the contract ended, made a tender of the purchase price unavailing and unnecessary. *Lumber Co. v. Warner*, 93 Mo. 374; *McManus v. Gregory*, 16 Mo. App. 375. (5) The defendant, after having accepted the settlement for the value of the three cars wheat shipped, expressed himself satisfied with it, and notified respondents that he was loading the balance due on contract, and thereby waived any objections he may have had to plaintiffs' refusal to pay his overdraft.

ELLISON, J.—The defendant on the thirty-first day of July, 1888, entered into a contract with plaintiffs, whereby he sold to them ten cars of number 2 wheat to

be shipped in August, 1888, at seventy-four and one-half cents on track at Marshall, Missouri, St. Louis weight and grade. The grain to be loaded and shipped *via* the Chicago & Alton railroad and billed to Price-Grimm Commission Company, St. Louis, Missouri, care of Merchants' Elevator. It appears that there was another contract between the same parties for a ten-car lot of wheat, and that under the contract sued on appellant shipped three cars of wheat with two others, which last-named cars were applied on the former contract. That at the same time he made this shipment defendant drew a draft against it for nineteen hundred and twenty dollars, and attached it to the bill of lading, which draft and bill of lading were sent to the Commercial Bank of St. Louis for collection, and was presented and payment demanded before the wheat was received, payment was refused, because the draft was too much, and because defendant had left no margin for shortage. That after the wheat was inspected and weighed according to the contract plaintiffs called at the Commercial Bank holding the draft and bill of lading, and paid the whole amount due for the wheat actually shipped and received, to-wit, $1886.75. That the settlement so made was by the direction and instructions of defendant Vanstone, and that at the time he gave such instructions to the bank, viz. : On the fifteenth of August, 1888, he informed plaintiff that he was loading the balance of wheat due on the contract on that day. On the eighteenth day of the same month Vanstone notified plaintiffs that he did not intend to ship any more wheat under his contract, and assigned as a reason therefor that he would not perform his contract because plaintiffs "would not take up his drafts whether they were too much or not ; " and because " even if the shipment did not cover the drafts he wanted them paid anyhow." That, upon such refusal of the defendant to perform his contract, plaintiffs made demand on defendant to ship

the wheat upon the terms of his contract, and, upon the failure of defendant to do so, this suit was brought and on the trial plaintiffs had judgment.

Defendant at the close of plaintiffs' case offered no evidence in his own behalf, but asked an instruction in the nature of a demurrer to the testimony introduced by plaintiffs, which was refused. Instructions were given for plaintiffs and objections are made to them here. We will not consider these objections for the reason that the court's attention was not called to them in the motion for new trial.

There appear to be two objections entered as to the admission of evidence on the part of plaintiffs: One that the evidence of what was customary to consider as a carload of wheat was "irrelevant," was properly overruled, as such evidence tended to show the amount of bushels defendant failed to furnish and was a basis to ascertain damage.

The other objection went to the statement of a witness as to the difference between the contract price and the price of wheat on the last day of August. This objection was also properly overruled. Notwithstanding the wheat was to be weighed and paid for in St. Louis it became the property of plaintiff, under the contract, when delivered on the track at Marshall, and whatever it was worth at Marshall on the thirty-first of August more than the contract price, would measure plaintiff's damages. It was perhaps improper to ask as to the price in St. Louis on the thirty-first of August, but this was cured by showing, without contradiction, the same price on that day in Marshall, the place of delivery.

This leaves only the refusal of defendant's demurrer to the testimony. We are satisfied it was properly refused. The contract between the parties is as follows:

"MARSHALL, Mo., July 31, 1888.

"We have this day sold Price-Grimm Commission Company, of St. Louis, Missouri, ten cars of number 2

red wheat, to be shipped in August, at seventy-four and one-half cents on track at Marshall, Missouri, St. Louis weight and grade. The grain to be loaded and shipped *via* the Chicago & Alton railroad, and billed to Price–Grimm Commission Company, St. Louis, Missouri, care of Merchants' Elevator.

"C. H. VANSTONE,

"By A. M. EHRNMAN."

Under this contract defendant shipped three carloads and drew a draft on plaintiffs for more than it came to under the contract. Plaintiffs refused to pay the drafts but did pay what was properly due. While defendant complained of this by letter of August fifteenth he did not controvert plaintiff's right in the matter. On the contrary he addressed plaintiffs three days thereafter the following letter :

"August 18, 1888.

"*Price-Grimm Commission Company, St. Louis, Mo.*

"GENTLEMEN :—Yours of the seventeenth to hand, and in reply will state that it is the most singular thing in the world that you will not pay my drafts on you. I do not aim to draw in excess, but if I should I want them paid anyhow. I will not do business with a house that will not take up my drafts, and you can consider the contract at an end. Will not ship wheat to any house that will not pay my drafts on them, whether they are too much or not too much. The thing is not at all satisfactory, and I am very much dissatisfied with your method of doing business. I have several cars loaded now, but I am not going to ship them to your house, and do not intend to ship you any more. I do not intend to have account sales sent to me through a bank. My wheat should all have graded 2, and not short in weights over three bushels per car.

"C. H. VANSTONE."

This letter put an end to the contract for the insufficient, though candidly stated, reason that plaintiffs

would not pay drafts that were for more than was due. It was not necessary, after receipt of this letter at least, for plaintiffs to make a tender of the contract price for the remainder of the wheat.

On the whole case it is quite apparent the judgment is for the right party, and it is affirmed. All concur.